**No. 61833.**—Baar & Beards, Inc. *v.* United States, protests 223698–K, etc. (New York).

FORD, Judge: By the suits listed in schedule "A," hereto attached and made a part hereof, plaintiff challenges the action of the collector of customs in classifying certain imported merchandise as articles of wearing apparel, in chief value of silk, and levying duty thereon at the rate of 32½ per centum ad valorem under paragraph 1210 of the Tariff Act of 1930, as modified by the Torquay protocol, 86 Treas. Dec. 121, T. D. 52739, or as hemmed mufflers, in chief value of silk, with duty at the rate of 27½ per centum ad valorem under paragraph 1209 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Plaintiff claims said merchandise to be properly dutiable at the rate of 15 per centum ad valorem under paragraph 385 of said act, as modified by the said general agreement, *supra*, as articles, made wholly or in chief value of metal threads, not specially provided for.

The pertinent parts of the paragraphs here involved are as follows:

Paragraph 1210, as modified, *supra*:

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of silk, and not specially provided for, 32½% ad val.

Paragraph 1209, as modified, *supra*:

Handkerchiefs and woven mufflers, wholly or in chief value of silk, finished or unfinished, and valued at more than $5 per dozen:

\*       \*       \*       \*       \*       \*       \*

Hemmed or hemstitched, 27½% ad val.

Paragraph 385, as modified, *supra*:

Beltings and other articles made wholly or in chief value of tinsel wire, metal thread, lame or lahn, or of tinsel wire, lame or lahn and india rubber, bullions, or metal threads, not specially provided for, 15% ad val.

The primary question to be decided in this case is what constitutes the component material of chief value of the subject merchandise. If the component material is silk, then the merchandise is dutiable, as classified by the collector, under paragraphs 1209 and 1210. If the component material of the merchandise is metal threads, the merchandise is dutiable under said paragraph 385, as claimed by the plaintiff.

At the trial of said suits, on motion of counsel for the plaintiff, there was admitted in evidence the deposition of Jai Krishna Khanna and Rishab Das, both of whom were well qualified to testify regarding the component material of chief value of the subject merchandise. Their testimony stands without contradiction and clearly establishes that the merchandise represented by the style numbers listed in schedule "B," hereto attached and made a part hereof, wherever such style numbers appear on any of the invoices covered by the protests listed in said schedule "A," is composed in chief value of metal threads and that said items are not composed in chief value of silk, as classified by the collector.

We, therefore, hold the items of merchandise, identified in the preceding paragraph, to be properly dutiable at the rate of 15 per centum ad valorem under

paragraph 385 of the Tariff Act of 1930, as modified, *supra*, as alleged by the plaintiff.

To the extent indicated, the specified claim in said suits is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.